FILED IN MY OFFICE
DISTRICT COURT CLERK
5/27/2014 3:28:39 PM
GREGORY T. IRELAND
Lourdes Perez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

M. J. KEEFE, as Personal Representative of
the Estate of Rachel Sedillo, deceased,
     Plaintiff,

v.                                No. D-202-CV-2013-00921

PRESBYTERIAN HEALTHCARE SERVICES, INC.,
d/b/a Socorro General Hospital,
PRESBYTERIAN MEDICAL SERVICES,
d/b/a Socorro Community Health Center,
DOMINADOR GARCIA, M.D.,
SALLY BODENSTEINER, M.D.,
TIMOTHY J. BARRETT, D.O.,
and JOHN DOES 1 THROUGH 6,
     Defendants.

## FIRST AMENDED COMPLAINT FOR DAMAGES FOR
## WRONGFUL DEATH BASED ON MEDICAL NEGLIGENCE

Plaintiff complains of the Defendants as follows:

### Parties and Jurisdiction

1.     Plaintiff M. J. Keefe, as Personal Representative of the Estate of Rachel Sedillo,

deceased ("Rachel Sedillo"), is an attorney in good standing practicing in Bernalillo County,

New Mexico.  At all times pertinent hereto, Rachel Sedillo was a resident of Socorro County,

New Mexico.

2.     Defendant Presbyterian Healthcare Services, Inc., ("Presbyterian") is a New

Mexico corporation which does business in Bernalillo County, New Mexico.  Presbyterian has

since 2006 continually owned and operated the Presbyterian Hospital branch which does

business as Socorro General Hospital ["SGH"] in Socorro, New Mexico, and is liable for any

negligence or recklessness by that hospital and its employees, agents and servants. Presbyterian

DEFENDANT'S
EXHIBIT

2

provides healthcare system services and resources to SGH, including but not limited to financial services and support, operations and management services, quality improvement, integrated medical records, integrated radiology services, emergency patient transport, medical specialty consultation and referral, and higher level hospital services.   Presbyterian's principal place of business is in Bernalillo County, New Mexico.  Presbyterian's registered agent is in Bernalillo County, New Mexico.

3.      Defendants John Does 1 through 6 ("John Does 1-6"), upon information and belief, are as-yet-unidentified medical professionals who practiced on the premises of or in affiliation with Presbyterian's Socorro General Hospital [SGH] in 2011 and 2012, who were not necessarily traditional employees of Presbyterian, but rather may have been independent contractors, SGH Medical Staff members, Providers for Presbyterian Health Plan, in a referral relationship with Presbyterian facilities or employees, or who otherwise had permission to practice medicine at or in affiliation with these Presbyterian affiliated facilities, but who, in any case, provided medical services under the apparent or ostensible authority of Defendant Presbyterian Healthcare Services, Inc., while acting as Presbyterian's agents, and whose conduct was ratified by Presbyterian, and for whose acts and omissions Presbyterian is vicariously liable.

4.      Defendant Presbyterian Medical Services is a New Mexico corporation which does business throughout New Mexico.  Presbyterian Medical Services has continually owned and operated the Presbyterian Medical Services' branch which does business as Socorro Community Health Center in Socorro, New Mexico, and is liable for any negligence or recklessness by that facility and its employees, agents and servants.  Presbyterian Medical Services' registered agent is in Santa Fe County, New Mexico.

5.      Dominador Garcia, M.D., upon information and belief, is a medical professional

2

who practiced on the premises of Presbyterian's Socorro General Hospital, was a member of SGH Medical Staff, and was an employee of Presbyterian Medical Group in 2011 and 2012, and until his licensed was retired pending investigation by the New Mexico Medical Board. Alternatively, Dr. Garcia was not necessarily a traditional employee of Presbyterian, but rather may have been an independent contractor who had permission to practice medicine at Presbyterian, or who otherwise had permission to practice medicine at or in affiliation with SGH, but who, in any case, provided medical services under the apparent or ostensible authority of Defendant Presbyterian Healthcare Services, Inc., while acting as Presbyterian's agent, and whose conduct was ratified by Presbyterian, and for whose acts and omissions Presbyterian is vicariously liable.

6.     Sally Bodensteiner, M.D., upon information and belief, is a medical professional who is licensed as a physician by the State of New Mexico, and who practiced on the premises of the Presbyterian Medical Services clinic; as well as on the premises of Presbyterian's Socorro General Hospital, as a member of the SGH Medical Staff and a Provider for Presbyterian Health Plan in and before the year 2012, and who was part of an ongoing and customary system of patient referrals with Dr. Garcia, SGH, and other Presbyterian facilities and employees. Dr. Bodensteiner, in any case, provided medical services under the apparent or ostensible authority of Defendant Presbyterian Healthcare Services, Inc., while acting as Presbyterian's agent, and whose conduct was ratified by Presbyterian, and for whose acts and omissions Presbyterian is vicariously liable.

7.     Plaintiff's wrongful death claim is brought pursuant to New Mexico's Wrongful Death Act, and as such M. J. Keefe, the Personal Representative of the Wrongful Death Estate of Rachel Sedillo, deceased, is authorized to bring this action. Plaintiff M. J. Keefe brings this

3

action as the statutory personal representative of Rachel Sedillo as provided by § 41-2-3 of the Act. Plaintiff M. J. Keefe brings claims on behalf of the beneficiaries of the wrongful death estate of Rachel Sedillo.

8.     All acts constituting clinical health care services which led to the unnecessary and avoidable illness, injury, pain and death of Rachel Sedillo, and which form the clinical negligence basis of this Complaint, occurred in New Mexico in 2011 and 2012, through the time of Rachel Sedillo's death occurring on March 2, 2012, in Albuquerque, Bernalillo County, New Mexico, making jurisdiction and venue proper in this Court.

9.     All acts constituting administrative health care related services (including but not limited to hospital administration and operation, hospital medical staff function, quality improvement, and regulatory reporting and compliance), which led to clinical negligence and, therefore, to the unnecessary and avoidable illness, injury, pain and death of Rachel Sedillo, and which form the administrative negligence basis of this Complaint, occurred in New Mexico beginning in 2006 or earlier, through the time of Rachel Sedillo's death occurring on March 2, 2012, in Albuquerque and other locations in New Mexico, making jurisdiction and venue proper in this Court.

10.     All acts about and after the time of death of Rachel Sedillo, including but not limited to continuing administrative health care related services addressing the unnecessary and avoidable illness, injury, pain and death of Rachel Sedillo; and continuing clinical health care services administrative health care related services which demonstrate a continuing pattern of misconduct, negligence, and recklessness by Defendant Presbyterian and its agents, occurred in New Mexico beginning in 2006 or earlier, through the time of Rachel Sedillo's death on March 2, 2012, and continuing through the present day in Albuquerque and other locations in New

4

Mexico, making jurisdiction and venue proper in this Court.

## Background

11.     Plaintiff restates and incorporates Paragraphs 1-10 of his Complaint.

12.     Rachel Sedillo, deceased, presented to the Presbyterian Medical Systems'

Socorro clinic on December 27, 2011, with a chief complaint of having had four episodes of

gross blood in her stool.  The doctor on duty made a prompt referral to Defendant Garcia at

Defendant Presbyterian's SGH General Surgery Clinic, where Ms. Sedillo was seen by Dr.

Garcia on December 30, 2011.  Dr. Garcia promptly scheduled Ms. Sedillo for a colonoscopy

to be performed at SGH on January 3, 2012.  On January 3, 2012, when Ms. Sedillo came to

SGH, Dr. Garcia and a nurse anesthetist at SGH decided to cancel the colonoscopy, and instead

sent Ms. Sedillo back to her primary care physician, Defendant Bodensteiner, to arrange for a

cardiology consultation prior to colonoscopy.  Dr. Garcia thereby negligently failed to timely

diagnose the etiology for Ms. Sedillo's gross rectal bleeding (which is a gastrointestional

disorder, or bowel disorder), failed to undertake timely and appropriate therapy.  Dr. Garcia

and other representatives of SGH negligently failed to provide Ms. Sedillo with appropriate

follow up instructions.    Dr. Garcia and other representatives of SGH negligently failed to

contact the cardiology consultant to assure that Ms. Sedillo would be quickly seen and sent

back to SGH in a timely fashion to finally get the colonoscopy done.  Dr. Garcia and other

representatives of SGH also negligently failed to contact and make appropriate

recommendations to Dr. Bodensteiner and others to assure that Ms. Sedillo would be sent

back to SGH in a timely fashion to finally get the colonoscopy done and thereby diagnose and

treat the source of her gross gastrointestinal bleeding.  Due to the negligence of Dr. Garcia and

other representatives of SGH, Ms. Sedillo was sent home with an undiagnosed and untreated

gastrointestinal disorder, without a definite plan of medical intervention, causing her untreated

gastrointestinal disorder to progress and to develop abdominal pain, bloating, nausea, and other

physical and emotional pain and suffering, which constituted her original injury.

13.     Had Defendant Garcia and Defendant Presbyterian, the original tortfeasors in

this action, acted appropriately on or before December 30, 2011, and January 3, 2012; none of

the foreseeable medical negligence occurring during the subsequent course of treatment of the

undiagnosed and untreated gastrointestinal disorder; by Defendant Bodensteiner, a successive

tortfeasor, on or about January 10, February 21, and February 28, 2012; and Defendant Barrett,

a successive tortfeasor, on or about February 29, 2012; leading to the death of Rachel Sedillo,

would have occurred.

14.     Ms. Sedillo presented to the outpatient clinic of Defendant Sally Bodensteiner,

M.D., in Socorro, New Mexico, on January 10, 2012. Dr. Bodensteiner, in her capacity as an

independently licensed New Mexico physician, a member of the SGH Medical Staff, a Provider

for the Presbyterian Health Plan, and a part of the Presbyterian referral network, decided to

refer Ms. Sedillo to New Mexico Heart Institute -- a cardiology group which is also a Provider

for the Presbyterian Health Plan, and a part of the Presbyterian referral network -- for a

cardiology consultation.  Dr. Bodensteiner noted on January 10, 2012, that it would take a

month to get the consultation.

15.     The cardiology consultation was not arranged and completed until February 23,

2012. On February 21 and 28, 2012, Ms. Sedillo went back to Dr. Bodensteiner complaining of

abdominal pain and other gastrointestinal symptoms.  Dr. Bodensteiner negligently failed to

contact Dr. Garcia, failed to refer Ms. Sedillo back to Garcia or any other SGH or Presbyterian

representative in the Presbyterian referral network of which Bodensteiner was a part, and

otherwise appropriately evaluate and treat Ms. Sedillo's new onset pain and gastrointestinal symptoms.

16.     On February 29, 2012, Ms. Sedillo presented to the Emergency Department of Presbyterian's Socorro General Hospital at 1635h [4:35 PM] with severe abdominal pain, abdominal tenderness, and respiratory failure, where she was evaluated by Defendant Barrett. D.O. Barrett noted acute severe abdominal pain, abdominal distension, and other signs of an acute surgical abdomen; an elevated white blood count [WBC]; and further indicia of sepsis of abdominal origin, and multiorgan system dysfunction, including respiratory failure.    After a delay of nearly 3 hours, Ms. Sedillo was life flighted to Presbyterian Hospital in Albuquerque for emergency surgery.  During that 3 hour delay, D.O. Barrett and other SGH and Presbyterian personnel negligently failed to provide appropriate emergency medical care for Ms. Sedillo's condition.

17.     Ms. Sedillo died at Presbyterian Hospital on March 2, 2012, from overwhelming sepsis and respiratory failure secondary to a perforated colon [large bowel], which in turn was caused by obstruction of the large bowel secondary to untreated diverticulitis of the large bowel.  The enhanced quantum of injury was caused by the negligence of subsequent tortfeasors, Defendants Bodensteiner and Barrett, but the enhanced quantum of injury would not have occurred but for the original injury inflicted by the negligence of the initial tortfeasors, Defendants Garcia and Presbyterian.

18.     Rachel Sedillo (and her estate's statutory beneficiaries) suffered damages as follows:

    a.  the cost of necessary treatment of Rachel Sedillo's injuries and funeral and
        burial expenses;

7

b.   physical and emotional pain and suffering;

c.   future pain and suffering;

d.   emotional distress;

e.   loss of consortium, guidance, and companionship;

f.   damages due to a diminution in the quality and normal enjoyment of their
lives;

g.   lost earnings and earning capacity;

h.   costs of litigation;

i.   prejudgment interest; and

j.   postjudgment interest.

### Count I - Professional Negligence of Defendant
### Presbyterian Healthcare Services including its Employees, Agents and Contractors

19.    Plaintiff restates and incorporates Paragraphs 1-18 of his Complaint.

20.    Defendant Garcia, among other of Presbyterian's Socorro General Hospital

health care providers and medical staff, negligently failed to identify, assess, diagnosis, treat,

consult, and communicate about Rachel Sedillo's condition at Presbyterian's Socorro General

Hospital, General Surgery Clinic, and other as yet unidentified locations.

21.    Certain Presbyterian employees and agents, including but not limited to

Presbyterian's Socorro General Hospital medical and nursing staff, negligently failed to identify,

assess, diagnosis, treat, consult, and communicate about Rachel Sedillo's condition in the

Emergency Department; these individuals include, but are not limited to, Defendant Barrett.

22.    Certain Presbyterian employees and agents, including those with actual,

ostensible, and apparent authority, including but not limited to Presbyterian's Socorro General

8

Hospital medical staff, negligently failed to identify, assess, diagnosis, treat, consult, refer, and

communicate about Rachel Sedillo's condition at times during the course of her treatment;

these individuals include, but are not limited to, Defendant Bodensteiner.

23.     John Does 1-6, among other Presbyterian's Socorro General Hospital health

care providers, including those with actual, ostensible, and apparent authority, negligently failed

to identify, assess, diagnosis, treat, consult, refer, and communicate about Rachel Sedillo's

condition in the Emergency Department, other inpatient and outpatient units of SGH, other

locations and services within the Presbyterian system, and other as yet unidentified locations.

24.     Due to the negligence of the Defendants in failing to promptly diagnose and treat

Rachel Sedillo's conditions -- including but not limited to gross rectal bleeding, acute abdominal

pain, other gastrointestinal symptoms, overwhelming sepsis, multiorgan system failure, and

respiratory failure -- she was injured and incurred damages, including severe pain and suffering,

and died on March 2, 2012, as a direct and proximate result of the negligence of Defendant

Presbyterian via its agents, as described above in paragraph 18.

25.     Rachel Sedillo's family, including statutory beneficiaries under the New Mexico

Wrongful Death Act have been deprived of the society, guidance, consortium and

companionship, comfort, protection, services and support of Rachel Sedillo as direct and

proximate results of the negligence by Defendants.

26.     Each of the above acts and/or omissions were singularly and/or cumulatively a

proximate cause of the occurrences in question and the resulting suffering and death of Rachel

Sedillo as well as the loss of society, guidance, consortium and companionship, comfort,

protection, services and support to both statutory beneficiaries.  Defendant Presbyterian is

liable for the conduct of its employees and agents, as well as its associated staff, under the New

Mexico law of agency and the doctrine of *respondeat superior*.

27.     Defendant Presbyterian, as an initial tortfeasor in this case, is jointly and severally liable for all damages flowing directly and indirectly from its own negligent acts, as well all damages flowing directly and indirectly from the negligent acts of all subsequent or successive tortfeasors, including but not limited to Defendants Barrett and Bodensteiner.

28.     In treating and caring for Rachel Sedillo, Defendant Presbyterian by and through its employees, agents and contractors failed to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified physicians, health services providers, inpatient and outpatient facilities, EMS transport systems, hospital organizations, health services systems, and health services facilities in the same or similar field(s) of medicine and health services provision; health related provision of administrative, financial, and other professional services; and specialization of services, as that of Presbyterian, proximately causing Rachel Sedillo's injuries and death.

### Count II - Professional Negligence of Defendant
### Dominador Garcia, M.D., and Vicarious Liability of Defendant Presbyterian

29.     Plaintiff restates and incorporates Paragraphs 1-28 of his Complaint.

30.     Dominador Garcia, M.D., provided care and treatment for Rachel Sedillo, deceased, during her care at Presbyterian's Socorro General Hospital during, in and before 2012.

31.     Dominador Garcia, M.D., acted with the actual, apparent, and ostensible authority of Defendant Presbyterian as its employee, agent, or servant in providing care and treatment to Rachel Sedillo, deceased, during, in and before 2012.

32.     Dominador Garcia, M.D., failed to possess and apply the knowledge, and use the

skill and care ordinarily used by reasonably qualified physicians of similar specialty practicing under similar circumstances in his care and treatment of Rachel Sedillo, deceased.

33.     Plaintiff, as the Personal Representative of Rachel Sedillo's wrongful death estate's statutory beneficiaries, was injured and incurred damages as direct and proximate results of the death of their close family member caused by the negligence of Dominador Garcia, M.D.

34.     Dominador Garcia, M.D., is liable for this negligence.

35.     Defendants Presbyterian and Garcia, as the initial tortfeasors in this case, are jointly and severally liable for all damages flowing directly and indirectly from their own negligent acts, as well all damages flowing directly and indirectly from the negligent acts of all subsequent or successive tortfeasors, including but not limited to Defendants Barrett and Bodensteiner.

36.     Defendant Presbyterian is vicariously liable to the extent that Dominador Garcia, M.D., acted with the actual, apparent, and ostensible authority of Defendant Presbyterian's Socorro General Hospital as its employee, agent, or servant in providing care and treatment to Rachel Sedillo, deceased, during, in and before 2012.

### Count III - Professional Negligence of Defendant
### Timothy J. Barrett, D.O., and Vicarious Liability of Defendant Presbyterian

37.     Plaintiff restates and incorporates Paragraphs 1-36 of his Complaint.

38.     Timothy J. Barrett, D.O., provided care and treatment for Rachel Sedillo, deceased, during her care at Presbyterian's Socorro General Hospital during, in and before 2012.

39.     Timothy J. Barrett, D.O., acted with the actual, apparent, and ostensible

11

authority of Defendant Presbyterian as its employee, agent, or servant in providing care and treatment to Rachel Sedillo, deceased, during, in and before 2012.

40.     Timothy J. Barrett, D.O., failed to possess and apply the knowledge, and use the skill and care ordinarily used by reasonably qualified physicians of similar specialty practicing under similar circumstances in his care and treatment of Rachel Sedillo, deceased.

41.     Plaintiff, as the Personal Representative of Rachel Sedillo's wrongful death estate's statutory beneficiaries, was injured and incurred damages as direct and proximate results of the death of their close family member caused by the negligence of Timothy J. Barrett, D.O.

42.     Timothy J. Barrett, D.O., is liable for this negligence.

43.     Defendant Presbyterian is vicariously liable to the extent that Timothy J. Barrett, D.O., acted with the actual, apparent, and ostensible authority of Defendant Presbyterian's Socorro General Hospital as its employee, agent, or servant in providing care and treatment to Rachel Sedillo, deceased, during, in and before 2012.

44.     Defendants Presbyterian and Garcia, as the initial tortfeasors in this case, are jointly and severally liable for all damages flowing directly and indirectly from their own negligent acts, as well all damages flowing directly and indirectly from the negligent acts of all subsequent or successive tortfeasors, including but not limited to Defendant Barrett.

### Count IV - Professional Negligence of Defendant
### Sally Bodensteiner, M.D., and Vicarious Liability of Defendant Presbyterian

45.     Plaintiff restates and incorporates Paragraphs 1-44 of his Complaint.

46.     Sally Bodensteiner, M.D., provided care and treatment for Rachel Sedillo, deceased, during her care at Presbyterian's Socorro General Hospital during, in and before

12

2012.

47.     Sally Bodensteiner, M.D., acted with the actual, apparent, and ostensible authority of Defendant Presbyterian as its employee, agent, or servant in providing care and treatment to Rachel Sedillo, deceased, during, in and before 2012.

48.     Sally Bodensteiner, M.D., failed to possess and apply the knowledge, and use the skill and care ordinarily used by reasonably qualified physicians of similar specialty practicing under similar circumstances in his care and treatment of Rachel Sedillo, deceased.

49.     Plaintiff, as the Personal Representative of Rachel Sedillo's wrongful death estate's statutory beneficiaries, was injured and incurred damages as direct and proximate results of the death of their close family member caused by the negligence of Sally Bodensteiner, M.D.

50.     Sally Bodensteiner, M.D., is liable for this negligence.

51.     Defendant Presbyterian is vicariously liable to the extent that Sally Bodensteiner, M.D., acted with the actual, apparent, and ostensible authority of Defendant Presbyterian's Socorro General Hospital as member of its medical staff, member of its insurance plan, member of its referral network, agent, or servant in providing care and treatment to Rachel Sedillo, deceased, during, in and before 2012.

52.     Defendants Presbyterian and Garcia, as the initial tortfeasors in this case, are jointly and severally liable for all damages flowing directly and indirectly from their own negligent acts, as well all damages flowing directly and indirectly from the negligent acts of all subsequent or successive tortfeasors, including but not limited to Defendant Bodensteiner.

## Count V - Professional Negligence of Defendants
## John Does 1-6 and Vicarious Liability of Defendant Presbyterian

53.    Plaintiff restates and incorporates Paragraphs 1-52 of his Complaint.

54.    John Does 1-6 are as yet unidentified members of the healthcare profession who provided care and treatment for Rachel Sedillo, deceased, during her care at Presbyterian's Socorro General Hospital during, in and before 2012.  The identity and profession of each John Doe is expected to be learned through discovery in this case.  Plaintiff requests and reserves the right to formally name each John Doe as a Defendant to this lawsuit, as appropriate.

55.    Each John Doe acted with the actual, apparent, and ostensible authority of Defendant Presbyterian as its employee, agent, or servant in providing care and treatment to Rachel Sedillo, deceased, during, in and before 2012.

56.    Each John Doe failed to possess and apply the knowledge, and use the skill and care ordinarily used by reasonably qualified healthcare professionals of the same profession practicing under similar circumstances in their care and treatment of Rachel Sedillo, deceased.

57.    Plaintiff, as the Personal Representative of Rachel Sedillo's wrongful death estate's statutory beneficiaries, was injured and incurred damages as direct and proximate results of the death of their close family member caused by the negligence of each John Doe.

58.    Each John Doe is liable for this negligence.

59.    Defendant Presbyterian is vicariously liable to the extent that each John Doe acted with the actual, apparent, and ostensible authority of Defendant Presbyterian's Socorro General Hospital as its employee, agent, or servant in providing care and treatment to Rachel Sedillo, deceased, during, in and before 2012.

60.    Defendants Presbyterian and Garcia, as the initial tortfeasors in this case, are

14

jointly and severally liable for all damages flowing directly and indirectly from their own

negligent acts, as well all damages flowing directly and indirectly from the negligent acts of all

subsequent or successive tortfeasors, including but not limited to Defendants Barrett and

Bodensteiner.

### Count VI - Professional Negligence of Defendant
### Presbyterian Medical Services, d/b/a Socorro Community
### Health Center including its Employees, Agents and Contractors

61.    Plaintiff restates and incorporates Paragraphs 1-60 of his Complaint.

62.    Presbyterian Medical Services doing business as Socorro Community Health

Center, by and through its employees, contractors, principals, representatives, and other

agents, including but not limited to Presbyterian Medical Services' medical and ancillary staff,

negligently failed to identify, assess, diagnosis, treat, consult, and communicate about Rachel

Sedillo's medical condition; these individuals include, but are not limited to Sally Bodensteiner,

M.D.

63.    Sally Bodensteiner, M.D., among other Presbyterian Medical Services' health care

providers, negligently failed to identify, assess, diagnosis, treat, consult, and communicate about

Rachel Sedillo's condition.

64.    Due to the negligence of the Defendants in failing to appropriately diagnose and

treat Rachel Sedillo's medical conditions, including but not limited to gastrointestinal complaints

and abdominal pain, she was injured and incurred damages, including severe pain and suffering,

and died on March 2, 2012, as a direct and proximate result of the negligence of Defendant via

its agents, as described above in paragraph 18.

65.    Rachel Sedillo's family, including statutory beneficiaries under the New Mexico

Wrongful Death Act (Joe Sedillo, Rachel's son, and Selina Buenning, Rachel's daughter) have

been deprived of the society, guidance, consortium and companionship, comfort, protection, services and support of Rachel Sedillo as direct and proximate results of the negligence by Defendants.

66.     Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrences in question and the resulting suffering and death of Rachel Sedillo as well as the loss of society, guidance, consortium and companionship, comfort, protection, services and support to both statutory beneficiaries.  Defendant Presbyterian Medical Services, d/b/a Socorro Community Health Services, is liable for the conduct of its employees and agents, as well as its associated staff, under the New Mexico law of agency and the doctrine of *respondeat superior.*

67.     In treating and caring for Rachel Sedillo, Defendant Presbyterian Medical Services by and through its employees, agents and contractors failed to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified physicians, health services providers, and outpatient facilities in the same or similar field(s) of medicine and health services provision; health related provision of administrative, financial, and other professional services; and specialization of services, as that of Presbyterian Medical Services, proximately causing Rachel Sedillo's injuries and death.

68.     Defendants Presbyterian and Garcia, as the initial tortfeasors in this case, are jointly and severally liable for all damages flowing directly and indirectly from their own negligent acts, as well all damages flowing directly and indirectly from the negligent acts of all subsequent or successive tortfeasors, including but not limited to Defendants Barrett and Bodensteiner.

16

## Count VII - Loss of Chance Injury

69.     Plaintiff restates and incorporates Paragraphs 1-68 of his Complaint.

70.     Defendants' negligence, as stated herein, resulted in lost or diminished opportunity for a better outcome for Rachel Sedillo.

71.     Rachel Sedillo's lost or diminished opportunity for a better outcome due to Defendants' negligence caused her to suffer severe personal injury, damages and death.

72.     Plaintiff incurred damages as a direct and proximate result of the negligence of Defendants.   Plaintiff's wrongful death damages and personal damages include, but are not limited to, the following: (a) the cost of necessary treatment of Rachel Sedillo's injuries and funeral and burial expenses; (b) physical and emotional pain and suffering; (c) future pain and suffering; (d) emotional distress; (e) loss of consortium, guidance, and companionship; (f) damages due to a diminution in the quality and normal enjoyment of their lives; and (g) lost earnings and earning capacity.

## Count VIII – Ordinary Administrative Negligence of Defendant Presbyterian Health Services including its Employees, Agents and Contractors

73.     Plaintiff restates and incorporates Paragraphs 1-72 of his Complaint.

74.     On or about August 21, 2010, a patient named Mr. Vallejos came to the Emergency Department at Socorro General Hospital with severe abdominal pain, abdominal tenderness, and respiratory failure.  The Emergency Department doctor, D.O. Barrett, decided to get an abdominal CT scan which showed diverticulitis of the colon and perforation, with leak of bowel contents into the abdominal cavity.  After a long unnecessary delay and a negligent failure by D.O. Barrett to provide appropriate medical care, other medical providers attempted

17

to life flight Mr. Vallejos to UNM Hospital in Albuquerque for emergency surgery, but Mr.

Vallejos' pulse was lost and the air transport had to return to SGH.  Mr. Vallejos died at SGH

on August 21, 2010, from overwhelming sepsis and respiratory failure secondary to a

perforated colon [large bowel], which in turn was caused by obstruction of the large bowel

secondary to untreated diverticulitis of the large bowel.

75.     No quality improvement review of the negligence inflicted upon Mr. Vallejos was

done by Socorro General Hospital or its owner and operator, Defendant Presbyterian Health

Services.  No corrective action, such as education of the Emergency Department and other

SGH Medical Staff, including but not limited to Defendants Barrett, Bodensteiner, and Garcia

was taken.

76.     On November 6, 2010, a patient named Michael Gonzales, who was the nephew

of Rachel Sedillo, came to the Emergency Department at Socorro General Hospital with severe

abdominal pain, abdominal tenderness, and respiratory dysfunction.  Both the SGH Emergency

Department Nurse Practitioner, Susan Lewark, and the SGH Hospitalist, Dr. Darla Bejnar,

negligently failed to do an appropriate medical workup or even call for a surgical consultation.

After telling Michael that he merely had gas and constipation, SGH Quality Director Bejnar

negligently sent Mr. Gonzales home.  On November 18, 2010, Mr. Gonzales returned to the

Emergency Department at Socorro General Hospital, with recurrent severe abdominal pain,

abdominal tenderness, and respiratory failure.  The emergency physician on duty, Dr. Reid,

finally did an appropriate medical workup-- which showed diverticulitis of the colon and

perforation, with leak of bowel contents into the abdominal cavity – and sought an emergency

surgical consult.  After 12 days of unnecessary delay, Mr. Gonzales was finally life flighted to

Presbyterian Hospital in Albuquerque for emergency surgery.  Mr. Gonzales died at

Presbyterian Hospital on November 19, 2010, from overwhelming sepsis secondary to a perforated colon [large bowel], which in turn was caused by obstruction of the large bowel secondary to untreated diverticulitis of the large bowel.

77.     No quality improvement review of the negligence inflicted upon Mr. Gonzales was done by Socorro General Hospital or its owner and operator, Defendant Presbyterian Health Services.  No corrective action, such as education of the Emergency Department and other SGH Medical Staff, including but not limited to Defendants Barrett, Bodensteiner, and Garcia was taken.

78.     As has been noted above, on February 29, 2012, Ms. Sedillo, the Decedent in this law suit, presented to the Emergency Department of Presbyterian's Socorro General Hospital at 1635h [4:35 PM] with severe abdominal pain, abdominal tenderness, and respiratory failure. This was the same way that her nephew, Michael Gonzales, and Mr. Vallejos had presented in the preceding 18 months.  Ms. Sedillo was evaluated by D.O. Barrett, the same SGH doctor who had malpracticed on Mr. Vallejos.  After a delay of nearly 3 hours, Ms. Sedillo was life flighted to Presbyterian Hospital in Albuquerque for emergency surgery.  During that 3 hour delay, D.O. Barrett and other SGH personnel negligently failed to provide appropriate emergency medical care for Ms. Sedillo's condition.  Ms. Sedillo died at Presbyterian Hospital on March 2, 2012, from overwhelming sepsis and respiratory failure secondary to a perforated colon [large bowel], which in turn was caused by obstruction of the large bowel secondary to untreated diverticulitis of the large bowel.

79.     Despite multiple similar medical errors, no corrective action, such as education of the Socorro General Hospital medical staff, including Defendants Barrett, Bodensteiner, and Garcia was ever taken.  A continuing culture of professional negligence, failure of quality review,

and disregard for the health and safety of patients persists at Socorro General Hospital, among the Socorro Hospital medical staff, and in the Presbyterian Hospital system, which caused or contributed to the medical errors.

80.     Defendant Presbyterian Health Services had and continues to have a statutory and common law duty to adopt, develop, and implement, and enforce certain policies, procedures, guidelines and standards for the approach to patients similarly situated to Rachel Sedillo, so as to comply with statutory, regulatory, accreditation, and industry standards, as well as applicable organizational, hospital, and medical staff bylaws, rules, and regulations.  This includes duties to carry out funding, staffing, credentialing, educational and quality improvement activities and duties in a reasonable fashion.  Defendant Presbyterian, via its Board of Directors and its Members and Committees, including but not limited to Dr. Allen Bassler of the Presbyterian Board of Directors Quality Committee, Chief Executive Officer Mr. James Hinton and his delegees, Presbyterian Medical Group employees, and Presyterian hospitals Medical Staff members, and their respective contractors, representatives, and agents (actual, apparent, and ostensible), including those at Presbyterian's Socorro General Hospital, did negligently fail to adequately adopt, develop, implement, and enforce such policies, procedures, guidelines, and standards before and during 2011 and 2012, adversely affecting the treatment of Rachel Sedillo. Presbyterian's failure to do these things caused or contributed to Rachel Sedillo's injuries and death.

81.     Defendant Presbyterian Health Services, via its wholly owned and operated subsidiary, Soccorro General Hospital, had and continues to have a statutory and common law duty to adopt, develop, and implement, and enforce certain policies, procedures, guidelines and standards for the approach to patients similarly situated to Rachel Sedillo, so as to comply with

statutory, regulatory, accreditation, and industry standards, as well as applicable organizational, hospital, and medical staff bylaws, rules, and regulations.  This includes duties to carry out funding, staffing, credentialing, educational and quality improvement activities and duties in a reasonable fashion.  SGH, via its Board of Directors and its Members and Committees, including but not limited to Dr. Allen Bassler, and Chief Executive Officer Bo Beames and his delegees, including but not limited to Quality Director Dr. Darla Bejnar and Patient Services Director Veronica Pound, the Chief Nursing Officer and delegees, the Chief Medical Officer and delegees, the Chief of the Medical Staff and Chiefs of Service, including but not limited to Dr. Reid, and Medical Staff Members, and their respective contractors, representatives, and agents, including those who are apparent, ostensible, or actual agents of Presbyterian's Socorro General Hospital, did negligently fail to adequately adopt, develop, implement, and enforce such policies, procedures, guidelines, and standards before and during 2011 and 2012, adversely affecting the treatment of Rachel Sedillo. Presbyterian's failure to do these things caused or contributed to Rachel Sedillo's injuries and death.

82.    Defendant Presbyterian had and continues to have a statutory and common law duty to select, hire, train, supervise, and retain its employees, including but not limited to doctors and nurses, so as to comply with statutory, regulatory, accreditation, and industry standards, as well as applicable organizational, hospital, and medical staff bylaws, rules and regulations.  This includes duties to carry out funding, staffing, credentialing, educational and quality improvement activities and duties in a reasonable fashion.  Defendant Presbyterian, via its Board of Directors and its Members and Committees, including but not limited to Dr. Allen Bassler of the Presbyterian Board of Directors Quality Committee, Chief Executive Officer Mr. James Hinton and his delegees, Presbyterian Medical Group employees, and PHS hospitals

Medical Staff members, and their respective contractors, representatives, and agents (actual, apparent, and ostensible), including those at Presbyterian's Socorro General Hospital, did negligently fail to adequately adopt, develop, implement, and enforce such policies, procedures, guidelines, and standards before and during 2011 and 2012, adversely affecting the treatment of Rachel Sedillo. Presbyterian's failure to do these things caused or contributed to Rachel Sedillo's injuries and death.

83.     Defendant Presbyterian had and continues to have a statutory and common law duty to select, credential, hire, train, supervise, and retain its contractors and other nonemployee agents (actual, apparent, and ostensible) and representatives, including but not limited to hospital medical staff and allied health professionals, so as to comply with statutory, regulatory, accreditation, and industry standards, as well as applicable organizational, hospital, and medical staff bylaws, rules, and regulations.    This includes duties to carry out funding, staffing, credentialing, educational and quality improvement activities and duties in a reasonable fashion.  Defendant Presbyterian, via its Board of Directors and its Members and Committees, including but not limited to Dr. Allen Bassler of the Presbyterian Board of Directors Quality Committee, Chief Executive Officer Mr. James Hinton and his delegees, Presbyterian Medical Group employees, and Presbyterian hospitals Medical Staff members, and their respective contractors, representatives, and agents (actual, apparent, and ostensible), including those at Presbyterian's Socorro General Hospital, did negligently fail to adequately adopt, develop, implement, and enforce such policies, procedures, guidelines, and standards before and during 2011 and 2012, adversely affecting the treatment of Rachel Sedillo. Presbyterian's failure to do these things caused or contributed to Rachel Sedillo's injuries and death.

**Count IX – Punitive Damages**

84.    Plaintiff restates and incorporates Paragraphs 1-83 of his Complaint.

85.    Defendants' behavior described above done by individuals with managerial authority or approved and ratified by such constitutes willful, wanton, malicious, reckless, oppressive, grossly negligent behavior amounting to reckless indifference, for which punitive damages are available under New Mexico law.

86.    Even after the similarly painful and avoidable deaths suffered by Mr. Vallejos, Mr. Gonzales, and other as yet unidentified patients, the reckless disregard for patient health and safety by Defendant Presbyterian Health Services and Defendants Garcia, Barrett, and Bodensteiner permits an ongoing pattern of professional negligence and quality improvement failure, causing injury, pain, and death to Ms. Sedillo, and an ongoing challenge to public health and safety in New Mexico.

**Count X – *Per Se* Negligence**

87.    Plaintiff restates and incorporates Paragraphs 1-86 of his Complaint.

88.    Certain Statutory and Regulatory duties concerning the health and safety of the public, including Plaintiff herein; include, but may not be necessarily be limited to, those set forth in *NMSA Title 24 (Health and Safety), Article 1 (Public Health); U.S. Code Title 42 (The Public Health and Welfare), Chapter 7 (Social Security), Subchapter XVIII (Health Insurance for Aged and Disabled),* which all Defendants violated, in whole or in part, in agency for, employment or credentialing of, or ownership and operation of Socorro General Hospital, Presbyterian Hospital, Presbyterian Health Services, and other as yet unidentified organizations, facilities, physicians, other providers, and other persons ; and in providing clinical health services and

23

other professional health related services to Rachel Sedillo, as described above.

89.     Those duties include, but are not limited to, certain obligations imposed on health care practitioners and providers of health care services under Title 42, Part 1004, as adopted by Defendant Presbyterian in its Quality of Care Concerns. Defendant, through its subsidiaries, facilities, providers, employees, agents and representatives, has demonstrated a pattern of care provided to Rachel Sedillo and multiple other patients, including but not limited to Medicare patients, that is inappropriate, unnecessary, does not meet recognized standards of care, and is not supported by the necessary documentation of care; has placed Rachel Sedillo and multiple other patients at serious risk for lack of treatment, incorrect treatment, medical complication, premature discharge, impairment, disability, and death; and, having demonstrated a failure to meet those obligations, has been in substantial violation of applicable federal law in a substantial number of cases; which violations make Defendant Presbyterian, and certain of its subsidiaries, facilities, providers, employees, agents and representatives, subject to sanctions under the federal Civil Monetary Penalties Act.

90.     As a direct and proximate result of these Defendants' Negligence *Per Se*, Rachel Sedillo experienced pain and suffering, damages and death, loss of consortium and support to her surviving family members, loss income and earning capacity, loss of quality of life damages, all in an amount to be proven at trial.

WHEREFORE Plaintiff is entitled to judgment in the amount of the actual personal and wrongful death statutory injuries and damages as follows:

a.      For general damages within the jurisdiction of this Court;

b.      For damages for medical and related expenses to Rachel Sedillo, deceased;

c.     For damages for funeral and burial expenses and associated wrongful death

       damages;

d.     For damages for the loss of society, guidance, consortium and companionship,

       comfort, protection, services and support, financial or otherwise, of Rachel

       Sedillo;

e.     For pre-and-post-judgment interest on damages as permitted by law to Plaintiff;

f.     For Plaintiff's costs of suit incurred herein and reasonable attorneys' fees;  and

g.     For such other and further relief as the Court may deem just and proper.


Electronically filed,


 s/ Corbin Hildebrandt
Corbin Hildebrandt
CORBIN HILDEBRANDT, P.C.
Attorney for Plaintiffs
Sycamore Square, Suite 2000
1400 Central Avenue S.E.
Albuquerque, New Mexico 87106
(505) 998-6626
Fax (505) 998-6628
e-mail: corbin@hildebrandtlawnm.com

and

JAMES S. BROMBERG, M.D., J.D.
James Bromberg
Attorney for Plaintiffs
Sycamore Square, Suite 2000
1400 Central Avenue S.E.
Albuquerque, New Mexico 87106
(505) 998-6626
Fax (888) 369-3489
e-mail: james@brombergmdjd.com

25